IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patrick J. Shank,                                                   Case No. 24-cv-00745

              Petitioner,

           v.                                                          **ORDER**

Warden Shelby Smith,

              Respondent.

This is a *pro se* prisoner habeas corpus case under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") 28 U.S.C. § 2254. Petitioner Patrick J. Shank, an Ohio prisoner, challenges his convictions in the Medina County, Ohio, Court of Common Pleas in the second of two prosecutions for sex crimes in case no. 12-12-cr-0696 ("*Shank II*").

I am required, under Rule 4 governing petitions brought under 18 U.S.C. § 2254, to conduct a preliminary review of this petition.

For the reasons that follow, I transfer the Petition to the Sixth Circuit Court of Appeals because it appears to be a second or successive petition.

**I. Background**

Petitioner was convicted twice in Medina County, Ohio. *Shank v. Marquis*, No. 18-cv-01262, 2020 WL 13836622 (N.D. Ohio Sept. 15, 2020) ("R&R"). A jury convicted Petitioner of two counts of sexual battery, two counts of unlawful sexual conduct with a minor, and two counts of contributing to the unruliness or delinquency of a minor. *State v. Shank*, Case No. 12CR0395 ("*Shank I*").

Following a bench trial in *Shank II*, the trial court convicted Petitioner of three counts of rape and nine counts of the lesser included offense of sexual battery. *See Shank II.*

On June 2, 2018, Petitioner filed his first Petition for Writ of Habeas Corpus in federal court. (Case No. 18-cv-01262 (hereinafter, "*Habeas I*"), Doc. 1). In *Habeas I*, Petitioner challenged his convictions in both *Shank I* and *Shank II*.

In *Habeas I*, Magistrate Judge Kathleen B. Burke issued a Report and Recommendation, finding that the Petition (as it related to *Shank II*) had no merit. *Shank v. Marquis*, No. 18-cv-01262, 2020 WL 13836622 (N.D. Ohio 15, 2020) ("R&R").

I overruled Petitioner's objections to the R&R, adopted the R&R, and dismissed *Habeas I*. (*See Habeas I*, Doc. 42). Petitioner appealed the judgment to the Sixth Circuit Court of Appeals, which denied his appeal and dismissed the case. *See Shank v. Marquis*, No. 21-3372, 2022 WL 2163789 (6th Cir. June 15, 2022).

On August 8, 2023, Petitioner filed a second § 2254 petition. (Case No. 23-01547 (hereinafter, "*Habeas II*"), Doc. 1). I transferred *Habeas II* to the Sixth Circuit because it appeared to be a second or successive petition.

On April 25, 2024, Petitioner filed this petition—his third § 2254 petition—which is related to *Shank II*. (Case No. 24-00745 (hereinafter, "*Habeas III*"), Doc. 1, PgID. 1).

**Legal Standard**

28 U.S.C. § 2244(b)(3), states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In *Felker v. Turpin*, 518 U.S. 651 (1996) the United States Supreme Court explained:

2

> The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b). The Act also codifies some of the preexisting limits on successive petitions, and further restricts the availability of relief to habeas petitioners.

*Id*. at 664.

AEDPA requires a petitioner to first obtain an order "authorizing the district court to consider" the petition from the appropriate court of appeals before filing a second or successive petition. 28 U.S.C. § 2244(a)(3).

A "second or successive petition" is a term of art. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). A subsequent petition is "second or successive" if the claims asserted in that petition were ripe when the earlier petition was filed. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998) A petition is not a second or successive petition if the previous petition does not attack a state court judgment. *Magwood v. Patterson*, 561 U.S. 320, (2010).

### III. Analysis

As explained above, Petitioner filed his first habeas corpus petition in 2018. He filed *Habeas III* in in April 2024. *Habeas III* raises the exact same claims that Petitioner already raised, unsuccessfully, in *Habeas I*. It is therefore considered "second or subsequent." I therefore direct the Clerk to transfer the instant petition to the Sixth Circuit for a determination under 28 U.S.C. § 2244(b)(3).[1]

---

[1] I note that, in *Shank II*, Petitioner unsuccessfully appealed his conviction to the State of Ohio Ninth District Court of Appeals. *State v. Shank*, No. 14CA0090, 2016 WL 6835298, at *2–3 (Ohio Ct. App. Nov. 21, 2016) (2016-Ohio-7819). Petitioner then sought to appeal *Shank II* in the Supreme Court of the State of Ohio. The Ohio Supreme Court declined to accept Petitioner's appeal. *State v. Shank*, 149 Ohio St. 3d 1420 (2017) (table decision).

Petitioner also unsuccessfully sought leave to file a petition for post-conviction relief in *Shank II*. *See Shank v. Marquis*, No. 21-3372, 2022 WL 2163789 (6th Cir. June 15, 2022). The trial court denied his motion as untimely,

**Conclusion**

It is, therefore, ORDERED THAT:

Petitioner's Petition be, and the same hereby is, transferred to the Sixth Circuit Court of Appeals.

SO ORDERED.

>  /s/*James G. Carr*
>  Sr. U.S. District Judge

---

and because Petitioner failed to satisfy the requirements to allow for an untimely filing. (*Id*. at 283–86). The Ohio Supreme Court declined to accept jurisdiction over his appeal of that decision. *See* https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2019/1351 (last visited May 15, 2024).

Petitioner then filed an unsuccessful application to reopen his direct appeal in *Shank II*. (*See*, Doc. 27-1, PgID. 242–48). The Ninth District Court of Appeals denied Petitioner's application as untimely. (*Id*. at Doc. 27-1, PgID. 263). The Ohio Supreme Court declined to accept jurisdiction of his appeal. *See* 03/20/2019 Case Announcements #2, 2019-Ohio-944.